In the Matter of the Claim of VALERIA HOLEWIENKO, Respondent, against GIMPEL BROS., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent. — Appeal by employer and insurance carrier from an award of death benefits

and funeral expenses made by the State Industrial Board to the widow and minor children of a deceased employee. Deceased was employed as a general utility man at his employer's milk plant. Appellants contested the claim on the grounds that either the injuries were solely occasioned by the intoxication of deceased while on duty or that when they occurred he was not on duty due to his intoxication. On this appeal they rely upon the latter premise. The evidence is that deceased came to work at his usual hour, 7:30 P. M., and worked about three hours, when, being somewhat intoxicated, he was induced by employer's foreman to rest or sleep in the cab of a truck on the premises; that later when another employee was backing a truck into the garage during a dim out, "deceased was crushed against the wall" at the plant at approximately 1:15 A.M. the following day. Deceased's whereabouts between 10:30 P.M. and the accident were not otherwise shown by any direct evidence, except that when injured he was some considerable distance from the truck in which he was last seen. The Industrial Board, as the trier of the facts, were justified in refusing to find that the evidence established that intoxication was the sole cause of the injuries, and on all the evidence their finding to the effect that they arose out of and in the course of decedent's employment had sufficient support. Award affirmed, with costs to the State Industrial Board. All concur. [See 269 App. Div. 719.]